NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEYED MOHSEN NOURBAKHSH;
SEYED MOHAMMAD MEHDI
NOURBAKHSH; NASRIN ALAVI,

    Plaintiffs - Appellants,

  v.

MARCO RUBIO, in his official capacity as
U.S. Secretary of State,

    Defendant - Appellee.

No. 25-1877

D.C. No.
8:24-cv-02232-DDP-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted April 21, 2026
Pasadena, California

Before: NGUYEN and BRESS, Circuit Judges, and TUNHEIM, District Judge.[**]

Seyed Mohsen Nourbakhsh and his parents (collectively, Appellants) appeal

from a district court order granting the Secretary of State's motion to dismiss their

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

claim that the State Department unreasonably delayed the scheduling of interviews for Nourbakhsh's parents' immigrant visas. *See* 5 U.S.C. §§ 555(b), 706; 28 U.S.C. § 1361. Based on developments during the pendency of this appeal, we vacate the district court's order and remand for further proceedings.

Three intervening developments have materially changed the nature of this dispute. First, the legal question before the district court centered around whether the Secretary had unreasonably delayed the scheduling of visa interviews for Nourbakhsh's parents. But after Appellants filed their opening brief in this court, the parents received visa interviews with a U.S. consular officer, thus mooting the question addressed by the district court.

Second, at the conclusion of the aforementioned visa interviews, the consular officer granted Nourbakhsh's mother's visa application but refused the father's application under 8 U.S.C. § 1201(g). The father's application was referred to "administrative processing." Any challenge that Nourbakhsh's mother may raise as to her visa application is now moot. In their reply brief in this court, Appellants contended that as to Nourbakhsh's father, § 1201(g) refusals that are placed in administrative processing are not final adjudications, and that the government has a duty to promptly dispose of applications held in administrative processing. The district court had no occasion to address these issues concerning administrative processing.

Third, as of April 14, 2026, and shortly before we heard oral argument, Nourbakhsh's father's application was refused again, this time under 8 U.S.C. § 1182(f), pursuant to Presidential Proclamation 10998, "Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of The United States." Proclamation No. 10998, 90 Fed. Reg. 59,717 (Dec. 16, 2025). At oral argument, the parties presented different views as to the legal import and validity of the § 1182(f) refusal as to Nourbakhsh's father's visa application.

The district court has not had the opportunity to consider any of these developments and legal questions. Remand is therefore appropriate so that the district court can consider these changed circumstances in the first instance. On remand, the district court should consider whether to allow amendment of Appellants' complaint and should conduct any further proceedings as appropriate. If the government continues to press the point that the Secretary of State is not the proper defendant for any challenge Appellants may raise, the government should identify for Appellants the proper defendant.

**VACATED AND REMANDED.**